DEUTSCHER, Appellant, v. BROADHURST, Respondent

(12 N. W.2d 807.)

(File No. 8627. Opinion filed January 18, 1944.)

Thos. G. Wall, of Sturgis, for Appellant.

Dan McCutcheon, of Belle Fourche, for Respondent.

POLLEY, J.  This action was brought to determine who was entitled to the purchase price of 100 head of lambs, part of the increase from a drove of ewes belonging to John H. Durr, of Belle Fourche.  The ewes were leased to the plaintiff, John Deutscher, a sheep raiser living in Harding County; he to keep, feed, and care for the said ewes a year for which he was to receive half of the wool crop and half of the increase.  At the expiration of the year, about the latter part of September, 1939, Deutscher sent word to Durr requesting him to come out and divide the lambs.  In compliance with this request, Durr went out to Deutscher's ranch on the morning of September 23, 1939.  The lambs were gathered into a corral.  They were then driven

through a chute wide enough for only one lamb to pass at a time. As the lambs passed through the said chute, Durr and one of Deutscher's sons counted them. According to their count there were 260 lambs, which number was agreed upon by both Deutscher and Durr as the correct number. This made 130 lambs to which each party was entitled. After the count Durr tried to buy Deutscher's share of the lambs and offered him 8¢ per lb. for them, but Deutscher refused to sell. The lambs were then turned out of the corral "all in a bunch" without making any separation of them. A few days thereafter Deutscher went to Belle Fourche and made a contract with Broadhurst, the defendant in this action, for the sale of 100 of the lambs. Broadhurst agreed to take the 100 lambs for 7½¢ a lb. and paid Deutscher $50 in cash as part payment for the lambs. A few days later Mr. Deutscher took the 100 head of lambs to Belle Fourche and delivered them to Broadhurst and they were loaded into a car and shipped out of Belle Fourche on an early morning train. It was found that the balance due on the lambs was $495 for which Broadhurst gave Deutscher a check on the Belle Fourche Bank. On the same or the following day, Mr. Durr, having heard of the sale, went to Broadhurst and told him the lambs Deutscher had sold him belonged to him (Durr); that he and Deutscher had never separated the lambs and that he was the legal owner of the entire bunch and demanded payment for the same. When Broadhurst learned these facts, he stopped payment on the check and Deutscher brought this action against Broadhurst to recover the $495 on the check. Upon the above facts the jury returned a verdict for plaintiff for the amount of the check. Before judgment was entered defendant moved for judgment n. o. v., which motion was granted, and the court entered judgment dismissing plaintiff's complaint.

The single question involved in the case is: Had the lambs ever been separated so that title passed from Durr to Deutscher for the lambs he sold to Broadhurst?

Before the lambs were separated, they were the common property of Deutscher and Durr. Each of them

owned an undivided half interest in each and every one of the lambs.

■ Deutscher, apparently acting in good faith, assumed that the transaction above set out wherein the lambs were counted, settled the question of title, and that, from then on, each party was the sole owner of 130 head of lambs and could select and sell that many of them at his own pleasure. Appellant's assumption that the lambs had been separated is entirely without any support in the evidence. The lambs were simply placed in a corral, run through a chute and counted; then turned out all together; but during that entire operation the subject of separation was not mentioned or attempted and no separation ever took place, and plaintiff never was vested with the sole title to any of the lambs and Broadhurst acquired no title by plaintiff's attempted sale. German Nat. Bank v. Meadowcroft, 95 Ill. 124, 35 Am. Rep. 137; Consolidated Land & Irrigation Co. v. Hawley, 7 S. D. 229, 63 N. W. 904; 7 R. C. L. 819, Par. 13, and cases cited.

■ Plaintiff predicates error upon the order of the court setting aside the verdict of the jury and entering judgment n. o. v.; and invokes the rule that a verdict should never be disturbed if the "evidence is such as to justify impartial minds in drawing different inferences therefrom." The sole question in this case is: Did Deutscher and Durr separate the 260 lambs into two different lots or bunches, one of which belonged to Deutscher and the other to Durr? But one inference can be drawn from the evidence in this case, and that is that no such separation was made. They simply drove the whole 260 lambs into a corral, ran them through a chute, counted them, and turned them out all in a bunch together. By this operation, no separation was made or attempted, and neither Deutscher nor Durr became the sole owner of a single lamb, and the verdict was properly set aside, and the complaint dismissed. German Nat. Bank v. Meadowcroft, supra.

The judgment and order appealed from are affirmed.

All the Judges concur.